Requestor: Richard Gabriele, Village Attorney Village of Great Neck Plaza The Chancery 190 Willis Ave. Mineola, New York 11501
Written by: Leslie B. Neustadt, Assistant Attorney General
You have asked whether a village may adopt a local law which would restrict the ability of employees of merchants and businesses located within the village to utilize metered parking spaces on village streets during certain hours and days of the week.
You note that the village has a large number of retail establishments whose financial prosperity is important to the welfare of the village. The availability of convenient on-street parking spaces for customers is a significant factor to the economic well-being of these retail establishments.
Your question is whether the village may distinguish employees of businesses located in the village from other individuals in determining who may use the metered parking spaces.
Vehicle and Traffic Law, § 1600 provides that its provisions shall be applicable and uniform throughout the State and in all political subdivisions and municipalities and proscribes the enactment or enforcement of a local law, ordinance, order, rule or regulation that is in conflict with the provisions of the Vehicle and Traffic Law unless expressly authorized. Section 1604 of the Vehicle and Traffic Law provides that except as otherwise provided, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring a tax, fee, license or permit for the use of the public highways or excluding any owner, operator or chauffeur from the free use of such public highways.
Section 1640(9) authorizes cities and villages to provide for the
 "installation, operation, maintenance, policing, and supervision of parking meters, establish parking time limits at such meters, designate hours of operation of such meters, and fix and require the payment of fees applicable to parking where such meters are in operation".
However, there is no specific authorization to discriminate among those who utilize parking meters.
There is no question that a municipality may not distinguish between residents and non-residents for purposes of parking on the municipality's streets (New York State Public Employees Federation, AFL-CIO v City ofAlbany, 72 N.Y.2d 96 [1988]; 1980 Op Atty Gen [Inf] 99; 1970 Op Atty Gen [Inf] 129). In Public Employees Federation, AFL-CIO v City of Albany,supra, the Court of Appeals held that an ordinance which discriminated between residents and non-residents was ultra vires.*
The Court observed that the Legislature has retained ultimate control over the highways. Specifically, sections 1600 and 1604 prohibit localities from excluding persons from the free use of highways which includes use of parking spaces (72 N.Y.2d at 101-102). The Court of Appeals held that while the Legislature is free to create exceptions to the general rule or to delegate the power to do so to the localities, the Legislature had done neither.
The Court concluded that section 1640, which authorizes a parking permit system, did not allow discrimination between residents and non-residents. The Court of Appeals also rejected the city's argument that section 1640(16), which authorizes enactment of "reasonable" local highway regulations, encompassed the authority to enact the ordinance at issue.
While the Village of Great Neck Plaza does not seek to discriminate between residents and non-residents, but merely to limit employees' use of meters in the village, we conclude that the proposed ordinance which would limit employees' rights to use metered parking would be ultra vires for the same reason that the Albany ordinance was held invalid.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* The ordinance provided that residents could purchase two permits per household for an annual fee of $17.50 and obtain unlimited parking. Residents could also obtain permits for guests. Non-residents, on the other hand, could park in designated areas for only 90 minutes from Monday through Friday from the hours of 7:00 a.m. to 6:00 p.m. (72 N.Y.2d at 100).